STATE OF MISSOURI at the Relation and to the Use of DWIGHT M. LANE, Treasurer and *Ex Officio* Collector of the Revenue in and for HENRY COUNTY, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, a Corporation, Appellant.—92 S. W. (2d) 644.

Division Two, March 21, 1936.

*Joseph W. Jamison, Henry S. Conrad, L. E. Durham, Hale Houts* and *I. M. Lee* for appellant.

*John B. Owen* and *Jas. A. Parks* for respondent.

WESTHUES, C.—The collector of revenue of Henry County, Missouri, filed suit against appellant for the taxes falling due in the years 1929, 1930, 1931. The trial court found for appellant on the first and second counts of the petition, but rendered judgment in respondent's favor on the third count, which represented the taxes levied for the year 1931. From this judgment an appeal was taken.

This case involves the interpretation of the revenue laws, hence our appellate jurisdiction.

Section 11, Article X, of the Constitution provides that the tax rate for county purposes, in counties having a valuation of $10,000,000 and less than $30,000,000, shall not exceed fifty cents on the $100 valuation. In counties having a valuation of $30,000,000 or more the tax rate shall not exceed thirty-five cents on the $100 valuation. The latter part of this section provides:

"The rate herein allowed to each county shall be ascertained by the amount of taxable property therein, according to the last assessment for State and county purposes."

What is the last assessment upon which to base the tax to be

levied by the various counties of the State? The proper answer to this question decides this lawsuit. Respondent contends the following to have been the proper assessment upon which to base the levy made for the year 1931:

The total assessed valuation of all railroads and public
utilities of the county, as certified by the State Board of
of Equalization, October, 1930 ....................$ 3,549,587.
The total valuation of all merchants' and manufac-
turers' property, assessment made after May, 1930 ..    920,208.
Total valuation of real and personal property, as certi-
fied by the State Board of Equalization on April 2, 1931 25,322,297.

Total valuation ...............................$29,792,092.

The total valuation thus ascertained justified a levy of fifty cents on the $100 valuation for county purposes for the year 1931. The appellant railroad company contends that the following assessments, completed during the calendar year of 1930, should have provided the basis for the levy of 1931:

Real and personal property, as certified by the State
Board of Equalization on March 27, 1930 ............$27,202,811.
Merchants' and manufacturers' property, assessment
made after May, 1930 ............................    920,208.
Railroads and other public utilities, certified by the state
board in October, 1930 .........................    3,549,587.

Total valuation ...............................$31,672,606.

This valuation would have justified a rate of tax not in excess of thirty-five cents on the $100 valuation.

The county court made a levy of forty-five cents. This suit involves the difference between a thirty-five cent and a forty-five cent levy. The railroad company had paid an amount equal to a thirty-five cent levy. It will be noticed that the bone of contention is whether the assessment of real and personal property, as certified by the State board on April 2, 1931, was a proper valuation upon which to base the levy of 1931, or whether the valuation of real and personal property, as certified in March, 1930, by the State board, should have been used.

Appellant in its brief has cited State ex rel. v. St. Louis-San Francisco Ry. Co., 318 Mo. 285, 300 S. W. l. c. 275, and State ex rel. v. Wabash Ry. Co., 251 Mo. 134, 158 S. W. 26, and other cases in support of its contention. In the reply brief appellant states:

"These decisions foreclose any argument in favor of a piecemeal method of arriving at the constitutional rate. However, in passing, it is to be pointed out if the rate could be determined by taking part

of the assessment for one year and part of an assessment for another year, a variation of $100 or less in particular parts, might result in a levy which would be excessive under the total completed assessment of every calendar year for a long period of time. Such a result would be absurd and sufficient to condemn the piecemeal method if this court has not already determined upon the calendar year basis.''

It will be noted that appellant argues that the county in this case used what appellant denominated a piecemeal method of making up the total assessed valuation. We are of the opinion, however, that appellant is more guilty of contending for a piecemeal method than the county. The assessed valuation of real and personal property, as certified by the State board in April, 1931, was completed and in possession of the county court at the time the levy was made. The assessment upon which that valuation was based was made by the assessor of Henry County in the year 1930. It is true that the final adjustment was not made until April, 1931, but the valuation thus certified was as of June 1, 1930. [See Sec. 9756, R. S. 1929, Mo. Stat. Ann., p. 7872.] So also the merchants' and manufacturers' tax. The property subject to this tax is assessed, on the basis of the highest valuation, between March and June of each year. The County Board of Equalization meets in September to make such adjustments as may be necessary with reference to the assessments of the merchants' and manufacturers' property. The assessment is made after the first of June. The assessed valuation thus completed becomes a valuation upon which to base the tax levy for the following year. [See Sec. 10081, R. S. 1929, Mo. Stat. Ann., p. 8064; State ex rel. v. St. Louis-San Francisco Ry. Co., 300 S. W. 274, 318 Mo. 285.] The court in its opinion in the Frisco case overruled in part the opinion in the Wabash case. [See 318 Mo. 285, l. c. 289, 300 S. W. 274, l. c. 277 (5).]

The valuation of all real and personal property, as certified by the State board in March, 1930, was based upon an assessment of the assessor in the year 1929. Appellant, therefore, would have us take the valuation fixed on real and personal property in the year 1929, and the valuation of merchants' and manufacturers' property of the year 1930, as the basis for the tax to be levied in the year 1931.

In the Frisco case, above cited, this court en banc ruled that the assessed valuation of the merchants', manufacturers' and the public utilities' property for the year 1923, should not have been used as a basis for the 1923 levy. This for the obvious reason that those valuations had not been determined at the time the levy was made. It was held that the subsequent assessed valuation of this property could not affect the validity of the tax levy of that year. It was also decided in that case that the phrase in the Constitution ''the last assessment'' meant the last completed assessment. Nothing was said in that case that the completed assessment of real and personal prop-

erty, as certified by the State board in the year 1923, prior to the making of the levy, was not a proper basis for the levy of that year. Note the language of the court:

"Thus the county court is at least authorized and empowered to make the levy for county purposes at its May Term and, in fixing the rate of such levy, the court is governed by the last assessment, which means the last assessment completed at the time such levy is made. It can mean nothing else. If the assessment for the current year is completed at the time the levy is made, well and good. That assessment can be used as the measuring rod to ascertain the rate which can legally be levied. If the assessment for the current year is not complete at that time, then the completed assessment for the previous year must be used.

"As a matter of fact, the valuation of merchants' stocks for the current year can never be definitely known at the May Term of the county court, for the simple reason that merchants are not required to make their returns until the first Monday in June, and such valuations cannot be equalized until the first Monday in September. [Sec. 13071, R. S. 1919.] When the valuation fixed by the State Board of Equalization for railroad and telegraph property is not certified until after the May Term of the county court, such valuation cannot be used at that time as any part of the 'last assessment.' As appears by the stipulation, the State Board of Equalization did not certify the valuation of the railroad and telegraph property for 1923 until October 15th. Neither the railroad and telegraph valuation nor the merchants' valuation for the year 1923 was before the County Court of Shannon County at its May Term, when it came time to, and it did, fix the tax rate for 1923."

By inference the court held that the proper assessed valuation upon which to base the levy of the year 1923, was the valuation of real and personal property, as certified by the State board in the year 1923, and the assessed valuation of merchants', manufacturers' and public utilities' property, as completed during the year 1922. The same procedure was followed in the case before us.

But we have authority upon this question more directly in point in the case of State ex rel. v. Dirckx, 11 S. W. (2d) 38, an opinion by the court en banc. In that case the Cole County Board of Equalization, at its April session in 1928, had reduced the assessed valuation of bank stock, as fixed by the assessor of the county in June, 1927. The State Board of Equalization made an order which was certified to the county court in May, 1928, placing a valuation on the bank stock of the county in the aggregate the same as it had been assessed by the assessor. The County Board of Equalization had adjourned at the time this order was received.

In a mandamus proceeding this court issued its writ compelling the

county clerk of Cole County "to so adjust the tax books so that they will conform with the order of the State board." In that case, therefore, this court compelled the county authorities to use the valuation of real and personal property certified in May, 1928, as a basis for the levy of taxes of that year. No logical reason can be advanced that the assessment of real and personal property, which is usually completed prior to the making of the levy, should lie dormant for nearly thirteen months before it is to be utilized. We find nothing in any of the cases cited by appellant indicating that the assessments *completed during a calendar year* should be the proper basis for the making of the levy of the following year. The decisions point the other way. The constitution reads, "the last assessment." Under the authority of State ex rel. v. Frisco, supra, that means the last completed assessment. The county court, in the case before us, used the last completed assessment that was available as a basis for the levy of the year 1931. Under that assessment it was authorized to make a levy of fifty cents on the $100 valuation, because it was less than $30,000,000.

The judgment is, therefore, affirmed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.